JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tyler Kick

**(b)** County of Residence of First Listed Plaintiff: Monroe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

## DEFENDANTS

Casella Waste Systems, Inc.

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☒ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. 2601, et seq.

Brief description of cause:
FMLA retaliation/interference

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 10/30/2026

SIGNATURE OF ATTORNEY OF RECORD: William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 658 Silver Spring Blvd, Kunkletown, PA 18058

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________ ____________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TYLER KICK | : | CIVIL ACTION |
| v. | : | |
| CASELLA WASTE SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 10/30/2026 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYLER KICK, | ) | |
| Plaintiff, | ) | No. ____________________ |
| v. | ) | |
| CASELLA WASTE SYSTEMS, INC., | ) | CIVIL ACTION – LAW |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff Tyler Kick ("Plaintiff"), by and through his undersigned counsel, who complains against Defendant Casella Waste Systems, Inc. ("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises under the Family and Medical Leave Act ("FMLA"). Plaintiff alleges that Defendant used his medically necessary, approved intermittent leave against him, removed him from his regular route assignment, disciplined him for absenteeism following protected leave, and terminated him one day after an approved FMLA absence.

2. Plaintiff asserts separate claims for retaliation and interference, including interference with restoration to the same or an equivalent position. Plaintiff seeks lost compensation and benefits, interest, liquidated damages, appropriate equitable relief, and statutory fees and costs, without duplicative recovery.

## PARTIES

3. Plaintiff Tyler James Kick is an adult individual residing in Kunkletown, Pennsylvania.

4. Defendant Casella Waste Systems, Inc. is, upon information and belief, a Vermont corporation with a principal place of business located at 25 Greens Hill Lane, Rutland, VT 05701.

5. Defendant employed Plaintiff in its waste collection operations at its Kunkletown, PA yard located at 658 Silver Spring Blvd, Kunkletown, PA 18058.

6. On information and belief, Defendant engages in commerce or an industry affecting commerce and employed at least fifty employees for each working day during twenty or more calendar workweeks in the current or preceding calendar year, making it a covered employer under 29 U.S.C. § 2611(4).

7. The management personnel described below acted within the scope of their employment and on Defendant's behalf in administering Plaintiff's assignments, attendance, discipline, and employment.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2) because this action arises under federal law.

9. Defendant employed Plaintiff in Pennsylvania and directed the challenged employment conduct toward Plaintiff through its Pennsylvania operations. This action arises out of those employment activities.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (d) because Defendant resides in this District insofar as: (1) Pennsylvania is a State with more than one federal judicial district; (2) Defendant is a corporation subject to the personal jurisdiction of Pennsylvania

courts; (3) Defendant regularly conducts business in this District and would be subjected to the personal jurisdiction of this District if this District was a separate State.

## FACTUAL ALLEGATIONS

### EMPLOYMENT, MEDICAL CONDITION, AND APPROVED LEAVE

11. Plaintiff worked as a driver on residential and commercial waste collection routes at the Kunkletown yard for more than six and one-half years, including service through changes in ownership. His most recent employment under Casella ownership lasted approximately two and one-half to three years before his termination.

12. Plaintiff's regular position involved driving assigned collection routes. Before the reassignment described below, he had established residential routes and a known schedule that allowed him to arrange medical appointments around earlier finishing days.

13. Plaintiff has gastrointestinal issues, including irritable bowel syndrome, requiring medical care and intermittent absences during episodes of incapacity.

14. Plaintiff's condition involved continuing treatment by a health care provider and, during episodes of incapacity, prevented him from performing his job functions. It constituted a serious health condition within the meaning of the FMLA.

15. Before the leave at issue, Plaintiff had worked for Defendant for more than twelve months. On information and belief, based on his regular employment as a driver and Defendant's approval of his eligibility, he had at least 1,250 hours of service during the applicable preceding twelve-month period, and Defendant employed at least fifty employees within seventy-five miles of his worksite.

16. Defendant used Unum to administer Plaintiff's family and medical leave requests and absence approvals.

17. A March 30, 2026 designation notice identified Plaintiff as eligible and approved for intermittent FMLA leave for his own serious health condition for the period March 17, 2026 through September 16, 2026.

18. The notice stated that Plaintiff's provider had certified a need for treatment or medical visits up to four times per year lasting eight hours and care or recovery during episodes of incapacity up to twice per week lasting twenty hours.

19. Plaintiff invoked his FMLA rights, provided medical certification through the leave-administration process, and used intermittent leave for his condition. Defendant knew of the approved leave and the medical reasons for Plaintiff's intermittent absences.

20. Unum's absence records identify multiple absences as approved family medical leave, including March 17 and 31, April 27 and 28, May 12 and 18, June 15 and 23, July 27, and August 26 and 31, 2026.

21. On information and belief, the absences challenged in this Complaint were covered by available FMLA entitlement, as reflected by Defendant's administrator's approvals, including its approval of eight hours on August 31, 2026.

22. Plaintiff notified Defendant of his need for intermittent leave through the leave-administration and call-off processes. He also communicated upcoming appointments and requested early departures when necessary, including by text to management.

**ATTENDANCE-RELATED HOSTILITY AND REMOVAL FROM REGULAR ROUTES**

23. Plaintiff took FMLA leave on April 13, 2026. A text-message exchange concerning whether anyone had used his truck included a message stating, "Tyler is texting if anyone used his truck I AM NOT answering come to work and you wouldn't have to worry about it." The identity of the author and the circumstances of the forwarded or quoted message require confirmation.

24. In or about mid-July 2026, Defendant removed Plaintiff's regular residential route assignment and assigned him to work wherever needed as a helper or relief driver.

25. A text from Jerry Strohl informed Plaintiff, "You no longer have a route per upper management (sic)," and "I was told to place you where needed as a helper." The same exchange stated that Plaintiff's hours were not being taken from him.

26. During a subsequent meeting between Plaintiff, Paul Ellsworth, and Gerald Potts on July 15, 2026, Messrs. Ellsworth and Potts linked the change to Plaintiff's FMLA absences and the difficulty covering his routes when he was absent.

27. Messrs. Ellsworth and Potts acknowledged Plaintiff's FMLA status, but described his absences as making him inconsistent or not dependable for regular routes. They explained that Defendant wanted a person who could be counted on to work those routes Monday through Friday.

28. Plaintiff explained that the change disrupted his established schedule and appointments because he had relied on earlier finishing days to obtain medical care. He objected that FMLA protection included his schedule and that the reassignment penalized him for his absences.

29. Messrs. Ellsworth and Potts responded that Plaintiff would retain his driver classification and pay rate, but would not necessarily retain his regular route or truck. Management also stated that human resources had already been consulted about the decision.

30. During the same discussion, Messrs. Ellsworth and Potts tied restoration of regular route work to Plaintiff being consistently available Monday through Friday, in an exchange concerning another driver's return after a full medical release. Management did not give Plaintiff an unconditional promise that his routes would be restored.

31. The reassignment replaced Plaintiff's known route schedule with uncertain daily assignments and finishing times. Plaintiff explained that this uncertainty impaired his ability to schedule and attend treatment, including appointments available only in the early afternoon.

32. Defendant used protected absences as a reason to impose materially less favorable scheduling conditions and to burden Plaintiff's use of medically necessary leave.

33. The reassignment was not explained as a temporary transfer to accommodate a defined schedule of foreseeable planned medical treatment. Messrs. Ellsworth and Potts instead justified it by reference to unpredictable FMLA-related call-offs, attendance, and the desire for full-week availability.

34. On information and belief, Defendant's reassignment was punitive or discouraged protected leave rather than being a lawful temporary alternative assignment that better accommodated foreseeable treatment. Plaintiff's contemporaneous objections identified the hardship the reassignment imposed on his access to treatment.

**ATTENDANCE DISCIPLINE AND CONTINUED LEAVE**

35. Plaintiff took eight hours of approved FMLA leave on July 27, 2026.

36. On July 30, 2026, Defendant issued Plaintiff an absenteeism write-up. Plaintiff contends that Defendant counted his protected leave against him in imposing that discipline.

37. Plaintiff observed inconsistent references to verbal and written warnings on the disciplinary document and questioned them. According to Plaintiff, the manager used white-out to alter the document after Plaintiff questioned the discrepancy.

38. Plaintiff continued to communicate with management about appointments and scheduling. A text to Mr. Potts explained which days would have permitted early departures on Plaintiff's normal routes and that, without those routes, Plaintiff did not know his finishing times.

39. Plaintiff continued using approved intermittent leave in August 2026. Unum's records identify eight hours of approved FMLA leave on August 26 and eight hours on August 31, 2026.

**TERMINATION AND EVIDENCE OF PRETEXT**

40. On September 1, 2026, the day after Plaintiff's approved August 31 FMLA absence, Defendant terminated Plaintiff's employment. Defendant told Plaintiff that the termination was due to downsizing.

41. Upon information and belief, the decision to discharge Plaintiff was made by Ellsworth, Potts, and Michael Stehman and communicated to Plaintiff by Mr. Stehman.

42. Within approximately one week of the termination, Plaintiff documented a publicly displayed advertisement identifying Casella Waste Systems, Inc. as seeking a full-time CDL truck driver in Kunkletown, Pennsylvania. The saved image bears September 8, 2026 metadata and displays "Posted Yesterday."

43. The advertisement described operation of waste collection trucks on designated residential or commercial routes, duties comparable to the driving work Plaintiff had performed. On information and belief, the advertisement is inconsistent with Defendant's stated need to eliminate Plaintiff's driving employment, although the posting history and actual hiring remain to be established.

44. Plaintiff alleges that downsizing was a pretext and that Defendant used his protected leave as a negative factor in the termination decision. This inference is supported by the one-day proximity to approved leave, management's express connection between protected absences and route reassignment, the intervening attendance discipline, and the post-termination driver advertisement.

45. Plaintiff also reasonably believed that taking his routes because of his FMLA absences violated his rights and expressly objected to that practice during the management discussion. Defendant knew of his objections before the subsequent discipline and termination.

46. As a result of the challenged conduct, Plaintiff lost his employment, wages, and employment benefits. The amount of lost compensation and benefits will be determined through payroll records and discovery.

47. Defendant's conduct was knowing or in reckless disregard of Plaintiff's FMLA rights. Management acknowledged that Plaintiff was protected by FMLA and stated that human resources had reviewed the reassignment, yet allegedly continued to treat his protected absences as adverse attendance considerations.

**COUNT I — FMLA RETALIATION**
**29 U.S.C. § 2615(A)(1)–(2); 29 C.F.R. § 825.220(C), (E)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 as if set forth more fully herein.

49. Plaintiff was an eligible employee, Defendant was a covered employer, and Plaintiff invoked and exercised FMLA rights by requesting and taking medically necessary intermittent leave for his serious health condition.

50. Plaintiff also engaged in protected opposition by objecting to the route reassignment as inconsistent with his FMLA rights, a belief that was reasonable under the circumstances.

51. Defendant knew of Plaintiff's leave and his objections. It subjected him to adverse employment actions, including attendance discipline and termination, and materially less favorable scheduling conditions associated with removal from his established routes.

52. Defendant took those actions because Plaintiff exercised or attempted to exercise FMLA rights and opposed what he reasonably believed was unlawful treatment. Plaintiff's protected activity was a negative factor in those decisions and, but for that protected activity, Defendant would not have taken the challenged actions against him.

53. The timing, management explanations linking the reassignment to protected absences, intervening discipline, and driver advertisement support a causal connection and an inference that Defendant's stated reasons were pretextual.

54. Defendant thereby violated 29 U.S.C. § 2615 and 29 C.F.R. § 825.220. Plaintiff suffered lost compensation, benefits, and other recoverable harm as a result.

**COUNT II — FMLA INTERFERENCE**
**29 U.S.C. §§ 2614(A)(1), 2615(A)(1)**

55. Plaintiff incorporates by reference paragraphs 1 through 47 as if set forth more fully herein.

56. Plaintiff was eligible for FMLA leave, Defendant was a covered employer, Plaintiff was entitled to medically necessary intermittent leave, and Defendant received notice of his need for that leave.

57. Plaintiff was entitled to exercise his available intermittent leave rights and, upon returning from covered absences, to be restored to his position or an equivalent position with equivalent pay, benefits, and other terms and conditions of employment, subject to the FMLA's lawful limitations.

58. Defendant interfered with those rights by replacing Plaintiff's established route schedule with materially less favorable, unpredictable assignments that burdened treatment scheduling after protected absences; using attendance discipline to penalize protected leave and

discourage its use; and terminating Plaintiff immediately after approved leave rather than restoring him to the same or an equivalent position.

59. The restoration claim rests on the alleged material change in scheduling conditions and loss of employment, not merely loss of a particular route or vehicle. On information and belief, the reassignment was not a permissible temporary alternative-position transfer under 29 U.S.C. § 2612(b)(2) and 29 C.F.R. § 825.204, because it responded to unpredictable incapacity and imposed a hardship on medically necessary treatment rather than better accommodating foreseeable recurring treatment.

60. Plaintiff was prejudiced by the alleged denial of restoration and termination because he lost wages and employment benefits.

61. Defendant's interference violated 29 U.S.C. § 2615(a)(1) and caused recoverable harm. Plaintiff seeks only one recovery for any loss common to both Counts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant and award the following relief:

A. Lost wages, salary, employment benefits, and other compensation recoverable under 29 U.S.C. § 2617(a)(1)(A)(i), in an amount to be established at trial;

B. Prejudgment interest on the recoverable monetary losses at the prevailing rate;

C. Liquidated damages equal to the recoverable monetary award and interest, as provided by 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Appropriate equitable relief, including reinstatement to the same or an equivalent position, restoration of lost benefits and seniority, removal of unlawful attendance discipline, and front pay in lieu of reinstatement if appropriate;

E. Reasonable attorney's fees and costs under 29 U.S.C. § 2617(a)(3); and

F. Such other relief as this Court deems proper and just.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff Tyler Kick hereby demands a trial by jury on all claims and issues so triable.

*Respectfully Submitted,*

**MANSOUR LAW, LLC**

Dated: October 30, 2026

BY: */s/ William P. Mansour*

William P. Mansour, Esquire
Pa. Attorney ID No. 318833
961 Marcon Blvd., Suite 425
Allentown, PA 18109
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Tyler Kick